# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| FABIAN JACKSON, | ) | |
| Petitioner, | ) | No. 05-0238-CV-DW |
| v. | ) | (No. 02-094-CR-DW) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## ORDER

Petitioner Fabian Jackson has filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. (Doc. No. 1.) For the following reasons, the motion is denied.

Petitioner seeks relief from the 295-month sentence imposed following his conviction for violating 18 U.S.C. §922(g)(1), which prohibits felons from possessing firearms. The facts underlying the conviction are laid out in United States v. Jackson, No. 02-094-CV-DW-W (Doc. No. 136) and need not be repeated here. In his motion,[1] Petitioner claims that he received ineffective assistance of counsel both at trial and during the pretrial suppression hearing. In Claims I and II, Petitioner argues that counsel at trial and during the suppression hearing failed to adequately challenge the testimony of Sergeant Keith Trader, a witness for the prosecution. In Claim III, he maintains that his counsel was ineffective at sentencing for failing to argue for the appropriate amount of time served. In Claim IV, Petitioner contends that his counsel was ineffective for failing to object to the Court's alleged judicial bias. Lastly, Petitioner argues that his sentence runs counter to the decisions in Booker v. United States, ___ U.S. ___, 125 S. Ct. 738 (2005) and Blakely v. Washington, ___ U.S. ___, 124 S. Ct. 2531 (2004).

---

[1] The habeas motion presented by Petitioner is not signed by him but by his co-defendant Michael Jackson. Nonetheless, the Court will treat the motion as being Petitioner's.

Discussion

A.

In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the U.S. Supreme Court established a two-part test for evaluating claims of ineffective assistance of counsel. First, a petitioner must show that counsel made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Id</u>. at 687. To satisfy this prong of the test, a petitioner must overcome the strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. <u>Id</u>. at 689. The Court must be highly deferential when reviewing counsel's performance. <u>Id</u>. Second, a petitioner must demonstrate that "but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id</u>. at 694.

<u>Claims I and II</u>

Petitioner argues that his counsel was ineffective for failing to adequately challenge the testimony of Sgt. Trader at trial and during the suppression hearing. Petitioner believes that the case against him was based entirely on the testimony of this witness. As explained by the Court in a previous Order, the case against Petitioner included more evidence than the testimony of Sgt. Trader. <u>See</u> Case No. 02-094-CV-DW-W (Doc. No. 136). As a result, the Court finds that Petitioner has failed to show – or even allege – that but for counsel's errors (assuming he made any) the result of the suppression hearing and trial would have been different. For this reason, Claims I and II are denied.

<u>Claim III</u>

In Claim III of the petition, Jackson argues that his sentencing counsel was ineffective for failing to object to the Court's granting him three years and eight months of time served rather than

2

five and half years. Petitioner claims that the proper amount of time that he should have been credited is five and half years. In response, the government has provided a transcript of the sentencing of Petitioner's co-defendant, Michael Jackson. The discussion relating to "three years and eight months" took place at Michael's sentencing, not Petitioner's. Claim III is therefore meritless.

Claim IV

Petitioner argues that his counsel erred by not objecting to this Court's displays of judicial bias against him. The government, however, points out that the cited examples of alleged judicial bias were directed at Petitioner's co-defendant, Michael Jackson, not Petitioner himself. Petitioner does not attempt to explain this factual discrepancy. Accordingly, the Court finds no basis to grant Petitioner relief on this ground.

B.

Booker and Blakely

Finally, Petitioner argues that his sentence is unconstitutional in view of the Supreme Court's decisions in Booker and Blakely. These cases, which constitute a new rule, may afford Petitioner relief only if their rulings are retroactive. For a new rule to be retroactive to cases on collateral review under § 2255, the Supreme Court itself must make the rule retroactive. Tyler v. Cain, 533 U.S. 656, 662-63 (2001). "When the Supreme Court makes a rule retroactive for collateral-review purposes, it does so unequivocally, in the form of a holding." In re Anderson, 396 F.3d 1336, 1339 (11th Cir. 2005). The Supreme Court has not made the Booker or Blakely rulings retroactive. McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005) (Booker not retroactive); United States v. Pine, 400 F.3d 844, 849 (10th Cir. 2005) (Blakely not retroactive). Petitioner therefore is

3

not entitled to relief.

## Conclusion

For the foregoing reasons, the § 2255 petition for habeas relief is denied. The Court further finds that Petitioner has failed to make a substantial showing that he has been denied constitutional rights. Garrett v. United States, 211 F.3d 1075, 1076-77 (8th Cir. 2000). Accordingly, he is denied a certificate of appealability.

IT IS SO ORDERED.

                                                   /s/ DEAN WHIPPLE
                                                      Dean Whipple
                                         United States District Court

Date: June 8, 2005

4

Case 4:05-cv-00238-DW   Document 12   Filed 06/08/05   Page 4 of 4